1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
Mary Kate Kamka, Bar No. 282911
marykate.kamka@troutman.com
580 California Street, Suite 1100
San Francisco, CA  94104
Telephone:    415.477.5700
Facsimile:     415.477.5710

Attorneys for Defendant
ON DECK CAPITAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIDNEY NAIMAN and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ON DECK CAPITAL, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.  4:18-cv-006638-KAW<br><br>**ON DECK CAPITAL, INC.'S NOTICE OF MOTION, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER, OR IN THE ALTERNATIVE, MOTION TO STAY, BASED ON THE FIRST-TO-FILE DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:      Hon. Kandis A. Westmore<br>Date:       February 21, 2019<br>Time:       1:30 PM |

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   BACKGROUND ......................................................................................................... 2

    A.    The Morgan Litigation was filed first. ........................................................... 2

    B.    The Naiman Litigation was filed over a year after the Morgan Litigation. ........... 3

III.  ARGUMENT ............................................................................................................. 5

    A.    The first-to-file doctrine applies when a plaintiff files a subsequent action that involves similar parties and similar issues to the first-filed case. .................. 5

    B.    Chronology of the two actions:  There is no dispute that the Morgan Litigation was filed before the Naiman Litigation. ................................................. 6

    C.    Similarity of the Parties:  Plaintiffs seek to represent the same purported class of individuals at issue in the Morgan Litigation. ........................................... 7

    D.    Similarity of the Issues:  The plaintiffs in both cases claim that similar issues are in play. ............................................................................................ 9

    E.    The first-to-file doctrine is particularly applicable in class actions. .................... 11

    F.    When applying the doctrine here, dismissal is the appropriate remedy. ............... 12

IV.   CONCLUSION ......................................................................................................... 14

- i -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY

CASE NO.  4:18CV06638-KAW

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abante Rooter and Plumbing et al v. BD Funding Group LLC*,
    3:18-cv-06464 (N.D. Cal.) ...................................................................................................2

*Abante Rooter and Plumbing, Inc. et al v. Progressive Business Funding, Inc.*,
    3:18-cv-06976 (N.D. Ga.) ...................................................................................................2

*Abante Rooter and Plumbing, Inc. et al. v. Skyline Building Care, Inc.*,
    3:18-cv-06909 (N.D. Cal.) ...................................................................................................2

*Adoma v. Univ. of Phoenix, Inc.*,
    711 F. Supp. 2d 1142 (E.D. Cal. May 3, 2010) .................................................................10

*Bodley v. Whirlpool Corp.*,
    No. 17cv5436, 2018 U.S. Dist. LEXIS 88013 (N.D. Cal. May 24, 2018).....................7, 8, 10

*Cadenasso v. Metro. Life Ins. Co.*,
    No. 13cv05491, 2014 U.S. Dist. LEXIS 52750 (N.D. Cal. Apr. 15, 2014)...........................12

*De La Cruz v. Target Corp.*,
    No. 18cv0867, 2018 U.S. Dist. LEXIS 135586 (S.D. Cal. Aug. 8, 2018)..........................6, 14

*Fabricant v. 800Fund.com, LLC*,
    2:18-cv-10434 (C.D. Cal.) ...................................................................................................2

*Fabricant v. ABC Global Systems, Inc.*,
    2:18-cv-08787 (C.D. Cal.) ...................................................................................................2

*Fabricant v. Fast Advance Funding, LLC*,
    2:17-cv-05753 (C.D. Cal.) ...................................................................................................2

*Fabricant v. First Connect Inc.*,
    2:18-cv-04587 (C.D. Cal) ...................................................................................................2

*Fabricant v. Freightquote.com, Inc.*,
    2:18-cv-07986 (C.D. Cal.) ...................................................................................................2

*Fabricant v. Got Leads 365*,
    2:17-cv-06510 (C.D. Cal.) ...................................................................................................2

*Fabricant v. Harbortouch Payments, LLC*,
    2:17-cv-03842 (C.D. Cal.) ...................................................................................................2

*Fabricant v. Merchant Funding Solutions, LLC*,
    2:18cv09681 (C.D. Cal.) ...................................................................................................2

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- ii -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

*Fabricant v. MFS Global, Inc.,*
    2:18-cv-01179 (D. Nev.) ....................................................................................2

*Fabricant v. MFS Global, Inc.,*
    2:18-cv-04381 (C.D. Cal.) ..................................................................................2

*Fabricant v. Mission Capital LLC,*
    2:18-cv-08385 (C.D. Cal.) ..................................................................................2

*Fabricant v. Mission Capital LLC et al.,*
    0:18-cv-62566 (M.D. Fl.) ...................................................................................2

*Fabricant v. The Money Source, Inc.,*
    2:18-cv-02449 (E.D.N.Y) ...................................................................................2

*Fabricant v. Nationwide Capital Solutions Group, Inc.,*
    2:18-cv-08128 (C.D. Cal.) ..................................................................................2

*Fabricant v. Paramount Holdings, LLC,*
    2:18-cv-08506 (C.D. Cal) ...................................................................................2

*Fabricant v. Premier Mortgage Resources, L.L.C.,*
    2:18-cv-09165 (C.D. Cal.) ..................................................................................2

*Fabricant v. Quantum Electronic Payments, LLC,*
    2:18-cv-10035 (C.D. Cal.) ..................................................................................2

*Fabricant v. Reliant Services Group, LLC,*
    2:18-cv-07592 (C.D. Cal.) ..................................................................................2

*Fabricant v. Spartan Capital Group, LLC,*
    2:18-cv-08985 (C.D. Cal.) ..................................................................................2

*Fabricant v. Stoyanov and Hymas¸*
    2:18-cv-10045 (C.D. Cal.) ..................................................................................2

*Fabricant v. United Card Solutions LLC,*
    2:18-cv-01429 (C.D. Cal.) ..................................................................................2

*Fabricant v. Value One Corporation,*
    2:18-cv-06771 (C.D. Cal.) ..................................................................................2

*Fabricant, et al. v. Lexington Law Firm,*
    2:18-cv-03916 (C.D. Cal.) ..................................................................................2

*Foote v. Health Insurance Innovations, Inc.,*
    8:18-cv-00690 (M.D. Fl.) ...................................................................................2

*Garcia v. Praxair, Inc.,*
    No. 3:18cv03887, 2018 WL 4471151 (N.D. Cal. Sept. 18, 2018) ......................13

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

- iii -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO. 4:18CV06638-KAW

*Henry v. Home Depot U.S.A., Inc.*,
   No. 14cv04858, 2016 WL 4538365 (N.D. Cal. Aug. 31, 2016) ................................13

*Hilton v. Apple., Inc.*,
   No. C-13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ....................................6

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
   544 F. Supp. 2d 949 (N.D. Cal. Mar. 18, 2008) ...........................................8, 13, 15

*Koehler v. Pepperidge Farm, Inc.*,
   No. 13cv02644, 2013 U.S. Dist. LEXIS 128440 (N.D. Cal. Sept. 9, 2013) ...........................10

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ..............................................................8

*Lofton v. Verizon Wireless (VAW) LLC*,
   308 F.R.D. 276 (N.D. Cal. June 18, 2015) ...............................................14

*Morgan v. On Deck Capital, Inc.*,
   No. 3:17cv00045 ............................................................... *passim*

*Naiman v. AAA Business Funding, Inc.*,
   3:19-cv-00022 (N.D. Cal.) ....................................................................2

*Naiman v. Afortus Financial, LLC*,
   3:18-cv-07266 (N.D. Cal.) ....................................................................2

*Naiman v. Energy Enterprises USA Inc. et al.*,
   3:18-cv-04439 (N.D. Cal.) ....................................................................2

*Naiman v. National Bankcard Corporation*,
   4:18-cv-06592 (N.D. Cal.) ....................................................................2

*Naiman v. Safe Step Walk-In Tub Company, Inc.*,
   3:18-cv-05888 (N.D. Cal.) ....................................................................2

*Naiman v. Sunworks United, Inc.*,
   3:18-cv-04272 (N.D. Cal.) ....................................................................2

*Naiman v. Total Merchant Services, Inc., et al.*,
   4:17-cv-03806 (N.D. Cal.) ................................................... *passim*

*Naiman v. Tranzvia LLC*,
   4:17-cv-04813 (N.D. Cal.) ....................................................................2

*Naiman v. True Renewable Energy, Incorporated et al.*,
   4:18-cv-04540 (N.D. Cal.) ....................................................................2

*Pars Equality Center v. Pompeo*,
   No. C18-1222JLR, 2018 WL 6523135 (W.D. Wash. Dec. 12, 2018) ....................................13

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- iv -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

*Pedro v. Millennium Prods., Inc.*,
 No. 15-cv-05253, 2016 U.S. Dist. LEXIS 69989 (N.D. Cal. May 27, 2016) ....................10, 12

*Ruff v. Del Monte Corp.*,
 No. C 12-05323, 2013 U.S. Dist. LEXIS 51263 (N.D. Cal. Apr. 9, 2013) ..............................12

*Ruff v. Del Monte Corp.*,
 No. C12-052251, 2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) ..............................................15

*Sandusky Wellness Ctr., LLC v. Alere Home Monitoring, Inc.*,
 No. C 18-04869, 2018 U.S. Dist. LEXIS 211454 (N.D. Cal. Dec. 14, 2018) ....................8, 10

*Schaffer et al v. First Choice Payment Solutions G.P.*,
 8:18-cv-01981 (C.D. Cal.) ....................................................................................................2

*Vigil v. Colgate-Palmolive Co.*,
 No. 17-00929, 2017 U.S. Dist. LEXIS 60688 (N.D. Cal. Apr. 20, 2017) .......................6, 7, 13

*W. Pac. Signal, LLC v. Trafficware Grp., Inc.*,
 No. 18cv02307, 2018 U.S. Dist. LEXIS 106875 (N.D. Cal. June 25, 2018)............................7

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
 967 F. Supp. 2d 1289 (N.D. Cal. 2013) .......................................................................7, 10, 12

**Statutes**

TCPA ....................................................................................................................... *passim*

Telephone Consumer Protection Act ................................................................................2

**Other Authorities**

Federal Rules of Civil Procedure Rule 23....................................................................10

*Gomez-Ortega v. Déjà vu—San Francisco, LLC*, No. 17-cv-06971 ............................13

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- v -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

1  **NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE,**

2  **MOTION TO TRANSFER, OR IN THE ALTERNATIVE, MOTION TO STAY**

3  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

4      PLEASE TAKE NOTICE THAT on FEBRUARY 21, 2019, at 1:30 p.m. Defendant On

5  Deck Capital, Inc. ("OnDeck") will and hereby does move this Court to dismiss, or in the

6  alternative, to transfer, or in the alternative, stay, the class action lawsuit filed by Plaintiffs on

7  October 31, 2018 (Docket No. 1).

8      OnDeck moves this Court for an order dismissing Plaintiffs' claims pursuant to the first-to-

9  file doctrine, or in the alternative an order transferring the case to the Western District of Virginia,

10  or in the alternative, an order staying the case pending the resolution of *Morgan v. On Deck Capital,*

11  *Inc.*, No. 3:17cv00045, currently pending in the Western District of Virginia.

12      This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points

13  and Authorities, the pleadings and papers on file herein, and such other matters as may be presented

14  to the Court at the time of the hearing.

15

16     Dated:    January 7, 2019           TROUTMAN SANDERS LLP

17

18                            By:*/s/ Mary Kate Kamka*
                              Mary Kate Kamka

19

20                            Attorneys for
                          ON DECK CAPITAL, INC.

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104
- 1 -
NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO. 4:18CV06638-KAW

On Deck Capital, Inc. ("OnDeck") files this Memorandum in Support of its Motion to Dismiss, or in the Alternative, Motion to Transfer, or in the Alternative, Motion to Stay, Based on the First-to-File Doctrine.  The class action lawsuit that Sidney Naiman and Terry Fabricant (collectively "Plaintiffs") filed in this Court against OnDeck (the "*Naiman* Litigation") is nearly identical to a class action lawsuit OnDeck has been litigating for over a year against Christopher Morgan in the Western District of Virginia (the "*Morgan* Litigation").  As a result, the Court should dismiss the *Naiman* Litigation under the first-to-file doctrine.

## I.    Introduction

Sidney Naiman and Terry Fabricant are repeat Telephone Consumer Protection Act ("TCPA") litigants.  At current count, they have collectively filed at least thirty-seven (37) TCPA lawsuits in recent years.[1]  In fact, they have filed ten additional lawsuits in the two months since they filed the present case – an average of one lawsuit per week.  The Court, however, should not allow the *Naiman* Lawsuit to proceed against OnDeck under the first-to-file doctrine.  The case is

---

[1] *Fabricant v. Harbortouch Payments, LLC*, 2:17-cv-03842 (C.D. Cal.); *Fabricant v. Freightquote.com, Inc.*, 2:18-cv-07986 (C.D. Cal.); *Fabricant v. United Card Solutions LLC*, 2:18-cv-01429 (C.D. Cal.); *Fabricant v. First Connect Inc.*, 2:18-cv-04587 (C.D. Cal); *Fabricant v. The Money Source, Inc.*, 2:18-cv-02449 (E.D.N.Y); *Fabricant v. Fast Advance Funding, LLC*, 2:17-cv-05753 (C.D. Cal.); *Fabricant v. Got Leads 365*, 2:17-cv-06510 (C.D. Cal.); *Fabricant v. Premier Mortgage Resources, L.L.C.*, 2:18-cv-09165 (C.D. Cal.); *Fabricant v. MFS Global, Inc.*, 2:18-cv-04381 (C.D. Cal.); *Fabricant v. Value One Corporation*, 2:18-cv-06771 (C.D. Cal.); *Fabricant v. Reliant Services Group, LLC*, 2:18-cv-07592 (C.D. Cal.); *Fabricant v. Nationwide Capital Solutions Group, Inc.*, 2:18-cv-08128 (C.D. Cal.); *Fabricant v. Mission Capital LLC*, 2:18-cv-08385 (C.D. Cal.); *Fabricant v. Paramount Holdings, LLC*, 2:18-cv-08506 (C.D. Cal); *Fabricant v. ABC Global Systems, Inc.*, 2:18-cv-08787 (C.D. Cal.); *Fabricant v. Spartan Capital Group, LLC*, 2:18-cv-08985 (C.D. Cal.); *Schaffer et al v. First Choice Payment Solutions G.P.*, 8:18-cv-01981 (C.D. Cal.); *Foote v. Health Insurance Innovations, Inc.*, 8:18-cv-00690 (M.D. Fl.); *Fabricant v. Mission Capital LLC et al.*, 0:18-cv-62566 (M.D. Fl.); *Fabricant v. MFS Global, Inc.*, 2:18-cv-01179 (D. Nev.); *Fabricant, et al. v. Lexington Law Firm*, 2:18-cv-03916 (C.D. Cal.); *Fabricant v. Merchant Funding Solutions, LLC*, 2:18cv09681 (C.D. Cal.); *Fabricant v. Quantum Electronic Payments, LLC*, 2:18-cv-10035 (C.D. Cal.); *Fabricant v. Stoyanov and Hymas*, 2:18-cv-10045 (C.D. Cal.); *Fabricant v. 800Fund.com, LLC*, 2:18-cv-10434 (C.D. Cal.); *Abante Rooter and Plumbing, Inc. et al v. Progressive Business Funding, Inc.*, 3:18-cv-06976 (N.D. Ga.); *Naiman v. Total Merchant Services, Inc., et al.*, 4:17-cv-03806 (N.D. Cal.); *Naiman v. Tranzvia LLC*, 4:17-cv-04813 (N.D. Cal.); *Naiman v. National Bankcard Corporation*, 4:18-cv-06592 (N.D. Cal.); *Abante Rooter and Plumbing et al v. BD Funding Group LLC*, 3:18-cv-06464 (N.D. Cal.); *Naiman v. Safe Step Walk-In Tub Company, Inc.*, 3:18-cv-05888 (N.D. Cal.); *Naiman v. True Renewable Energy, Incorporated et al.*, 4:18-cv-04540 (N.D. Cal.); *Naiman v. Energy Enterprises USA Inc. et al.*, 3:18-cv-04439 (N.D. Cal.); *Naiman v. Sunworks United, Inc.*, 3:18-cv-04272 (N.D. Cal.); *Abante Rooter and Plumbing, Inc. et al. v. Skyline Building Care, Inc.*, 3:18-cv-06909 (N.D. Cal.); *Naiman v. Afortus Financial, LLC*, 3:18-cv-07266 (N.D. Cal.); *Naiman v. AAA Business Funding, Inc.*, 3:19-cv-00022 (N.D. Cal.).

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 1 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

nearly identical to the *Morgan* Litigation, which is another purported class action that OnDeck is currently defending in Virginia.

The first-to-file doctrine exists to avoid inefficient use of resources, duplicative litigation, and inconsistent decisions. Specifically, when a defendant is litigating a lawsuit, and a plaintiff files a second, overlapping, lawsuit, a court has the discretion to dismiss, stay, or transfer the latter action, while the first-filed action proceeds. The doctrine is particularly applicable in the context of parallel class action cases. When a party is defending a nationwide class action, the first-to-file doctrine prevents a subsequent plaintiff from filing a "piggyback" class action that alleges overlapping claims on behalf of an overlapping class. One of the purposes of the class action device is to consolidate individual claims when appropriate. Allowing a subsequent class action to proceed while a separate class action is being litigated flies in the face of this efficiency goal.

The first-to-file doctrine applies when two pending lawsuits meet three requirements – none of which are overly rigorous. First, the lawsuit being dismissed must be the second-filed action. Second, the two lawsuits must involve substantially similar parties. Third, the two lawsuits must involve similar issues. That is all. The *Naiman* Litigation and the *Morgan* Litigation meet each element. Plaintiffs filed the *Naiman* Litigation nearly a year and a half after *Morgan*. Plaintiffs bring the *Naiman* Litigation on behalf of many of the same purported class members at issue in *Morgan*. And Plaintiffs' claims in *Naiman* are strikingly similar to those in *Morgan*. While Plaintiffs may file individual lawsuits, under the first-to-file doctrine they cannot proceed with a class action lawsuit against OnDeck that mirrors another pending class action.

## II.    Background

### A.    The *Morgan* Litigation was filed first.

1.    On July 10, 2017, Christopher Morgan ("Morgan") filed a purported Class Action Complaint against OnDeck under the TCPA. *See Complaint, Morgan v. On Deck Capital, Inc.*, No. 3:17cv00045 (W.D. Va.), ECF No. 1.

2.    In the Complaint, Morgan alleges that he received a call from OnDeck on his cellular telephone number on June 19, 2017. *Id.* at ¶ 13.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 2 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

3.      He claims that OnDeck placed this call using an automatic telephone dialing system, which is commonly referred to as an "ATDS" in TCPA litigation.  *Id.* at ¶ 14.

4.      In addition, Morgan contends that OnDeck's call to him constituted telemarketing and, as such, violated the TCPA because OnDeck allegedly lacked prior express consent to place the call.  *Id.* at ¶¶ 2, 31.

5.      Morgan bring his claims individually and on behalf of a purported class of individuals he defines as:

> **The Morgan Class:**  All persons within the United States (a) to whom On Deck initiated a telephone call promoting its services, (b) to a cellular telephone number, (c) using an automatic telephone dialing system or an artificial or prerecorded voice, (d) at any time four years before the date this action was commenced through the date of class certification.

*Id.* at ¶ 18.

6.      In articulating the reasons he believes class certification is appropriate, Morgan alleges that his claims and the purported class members' claims have many issues in common.  These issues include:

      a.      Whether OnDeck used an ATDS;

      b.      Whether OnDeck's calls constituted telemarketing;

      c.      Whether OnDeck placed telemarketing calls without prior express written consent; and

      d.      Whether OnDeck violated the TCPA and, if so, what was OnDeck's level of culpability.

*Id.* at ¶ 23.

7.      OnDeck and Morgan have been litigating the *Morgan* Litigation for a year and a half.  *See generally* Docket in *Morgan v. On Deck Capital, Inc.*, No. 3:17cv00045 (W.D. Va. July 10, 2017), attached as **Exhibit A.**

**B.**      **The *Naiman* Litigation was filed over a year after the *Morgan* Litigation.**

8.      Over a year after Morgan filed the *Morgan* Litigation, Naiman and Fabricant filed the present lawsuit.  *See* Compl., October 31, 2018, ECF 1.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104
- 3 -
NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO. 4:18CV06638-KAW

9.      In their Complaint, Plaintiffs claim that OnDeck called each of them on their cellular telephone numbers beginning in March 2017 and ending in July 2017.  *Id.* at ¶¶ 9, 15.

10.      Like Morgan, Plaintiffs allege that OnDeck placed these calls using an ATDS.  *Id.* at ¶ 10.

11.      In addition, like Morgan, Plaintiffs contend that OnDeck's calls to them constituted telephone solicitations and, as such, OnDeck violated the TCPA because it allegedly lacked prior express consent to place the calls.  *Id.* at ¶¶ 13, 37b.

12.      Plaintiffs allege their claims on behalf of purported classes of individuals, which they categorize as follows:

> **The Purported ATDS Class:**  All persons within the United States who received any solicitation/telemarketing telephone calls from OnDeck to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice for whom OnDeck did not have prior express consent (either through a lack of affirmative consent or revocation of consent);

*Id.* at ¶¶ 21, 22; and

> **The Purported Do-Not-Call ("DNC") Class:**  All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, for whom OnDeck did not have prior express consent (either through a lack of affirmative consent or revocation of consent), who received more than one call made by or on behalf of OnDeck that promoted OnDeck's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

*Id.* at ¶¶ 23, 24.[2]

13.      In explaining their basis for class certification, Plaintiffs allege that their claims and the claims of the purported classes have many issues in common.  These issues include the following:

    a.   Whether OnDeck used an ATDS;

    b.   Whether OnDeck's calls constituted telemarketing;

---

[2] Plaintiffs allege four separate subclasses in their Complaint – separating individuals for whom OnDeck allegedly lacked prior express consent as an initial matter from those who allegedly revoked previously-given prior express consent.  For ease of reference, OnDeck has grouped these four subclasses into two for the purpose of this motion.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

- 4 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

c. Whether OnDeck had prior express consent to place the calls; and

d. Whether OnDeck violated the TCPA and, if so, the extent of the damages.

*Id.* at ¶¶ 32, 33.

### III.    Argument

**A.    The first-to-file doctrine applies when a plaintiff files a subsequent action that involves similar parties and similar issues to the first-filed case.**

Under the first-to-file doctrine, when two lawsuits are substantially similar, a district court has the discretion to dismiss, stay, or transfer the latter action, while the first-filed action proceeds. A dismissal, stay, or transfer should be encouraged, as the doctrine ensures that overlapping lawsuits, including class actions, need not proceed on parallel tracks over the defendant's objection. In short, the first-to-file doctrine is one "of federal comity[,] which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Hilton v. Apple., Inc.*, No. C-13-2167, 2013 U.S. Dist. LEXIS 142354, at *10 (N.D. Cal. Oct. 1, 2013) (quoting *Apple, Inc. v. Pystar Corp.,* 658 F.3d 1150, 1161 (9th Cir. 2011)).

The first-to-file doctrine has several animating purposes.  First, the doctrine serves to "'promot[e] efficiency….'"  *Id.* (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991)).  It does this by avoiding substantially redundant lawsuits proceeding simultaneously.  Second, the rule helps to "'prevent[] the risk of inconsistent decisions that would arise from multiple litigations of identical claims.'"  *Id.* (quoting *Ruckus Wireless, Inc. v. Harris Corp., 11-cv-019440-LHK*, 2012 U.S. Dist. LEXIS 22336, 2012 WL 588782 (N.D. Cal. Feb. 22, 2012); citing *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Given these purposes, courts caution that the doctrine "should not be disregarded lightly." *De La Cruz v. Target Corp.*, No. 18cv0867, 2018 U.S. Dist. LEXIS 135586, at *3 (S.D. Cal. Aug. 8, 2018) (quoting *Alltrade, Inc.*, 946 F.2d at 623).

Under the first-to-file doctrine, a district court has discretion to dismiss the second-filed case, stay the case, or transfer the case to another district.  *See Vigil v. Colgate-Palmolive Co.*, No. 17-00929, 2017 U.S. Dist. LEXIS 60688, at *1-2 (N.D. Cal. Apr. 20, 2017) ("That rule embodies

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 5 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

1  principles of comity and permits a court to transfer, stay, or dismiss an action when a similar

2  complaint has been filed in another district court.") (citations omitted).  In conducting its analysis,

3  a court examines three factors: (1) the chronology of the two actions; (2) the similarity of the parties;

4  and (3) the similarity of the issues.  *Id.* at *2 (citations omitted).  Each factor here points to

5  dismissing the *Naiman* Litigation to allow the *Morgan* Litigation to proceed on its own.

6  **B.**   **Chronology of the two actions:  There is no dispute that the *Morgan*
   **Litigation was filed before the *Naiman* Litigation.**

7

8  The first factor in applying the first-to-file doctrine is the chronology of the actions.  In the

9  words of one court, "[t]he first-to-file rule simply requires a chronology of the actions."  *Wallerstein*

10  *v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013).  If the action in which

11  a defendant seeks dismissal was the second-filed action, that factor counsels in favor of dismissal.

12  *See Bodley v. Whirlpool Corp.,* No. 17cv5436, 2018 U.S. Dist. LEXIS 88013, at *5-6 (N.D. Cal.

13  May 24, 2018) ("The first factor, chronology, weighs in favor of applying the first-to-file rule

14  because the *Burch* lawsuit was filed first.")  Moreover, this factor is amplified – pushing harder

15  toward dismissal – if there has already been significant litigation in the first-filed case.  *See W. Pac.*

16  *Signal, LLC v. Trafficware Grp., Inc.,* No. 18cv02307, 2018 U.S. Dist. LEXIS 106875, at *9-10

17  (N.D. Cal. June 25, 2018) (dismissing an action under the first-to-file doctrine and highlighting that

18  the first action has "progressed further than this action has….").

19  Here, there is no dispute that the *Morgan* Litigation is the first-filed action.  Morgan filed

20  his purported class action lawsuit in the Western District of Virginia on July 10, 2017.  *See*

21  *Complaint, Morgan v. On Deck Capital, Inc.*, No. 3:17cv00045 (W.D. Va. July 10, 2017), ECF No.

22  1. Naiman and Fabricant did not file the *Naiman* Litigation until October 31, 2018.  This was nearly

23  sixteen months after the *Morgan* Litigation.  This factor points in favor of dismissal.

24  Further, there has been almost no litigation in the *Naiman* Litigation to date.  Neither party

25  has taken any discovery, the Court has not held any conferences, and the present motion is

26  OnDeck's first pleading.  On the other hand, the parties have been litigating the *Morgan* Litigation

27  for a year and a half.  The parties have engaged in discovery, conducted conferences with the Court,

28  and OnDeck has filed a motion for summary judgment.  *See generally* Docket in *Morgan v. On*

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 6 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

*Deck Capital, Inc.*, No. 3:17cv00045 (W.D. Va. July 10, 2017), attached as Exhibit A.  These facts make dismissal in favor of the *Morgan* Litigation even more appropriate here.  *See Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.,* 544 F. Supp. 2d 949, 963 (N.D. Cal. Mar. 18, 2008) (dismissing a second-filed case in favor of the case that had "a more developed case file").

      C.      <u>Similarity of the Parties</u>:  **Plaintiffs seek to represent the same purported class of individuals at issue in the *Morgan* Litigation.**

The second factor in the Court's analysis is the similarity of the parties.  In applying this factor, the Ninth Circuit holds that "the first-to-file rule does not require exact identity of the parties."  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citations omitted).  "Rather, the first-to-file rule requires only substantial similarity of parties."  *Id.*  Moreover, "in assessing the similarity of parties in a class action, courts compare the classes, not the class representatives."  *Bodley,* 2018 U.S. Dist. LEXIS 88013, at *6 (citations omitted).  When doing so, courts require "only that the putative classes 'represent at least some of the same individuals.'"  *Sandusky Wellness Ctr., LLC v. Alere Home Monitoring, Inc.*, No. C 18-04869, 2018 U.S. Dist. LEXIS 211454, at *3-4 (N.D. Cal. Dec. 14, 2018) (quoting *Pedro v. Millennium Prods., Inc.*, No. 15-cv-05253, 2016 U.S. Dist. LEXIS 69989, at *4 (N.D. Cal. May 27, 2016)).  In other words, this factor is satisfied where there is overlap in the purported classes.  *See Bodley*, 2018 U.S. Dist. LEXIS 88013, at *7 (finding similarity when a subsequent case seeks to certify a purported class that is subsumed in the first-filed purported class).

The parallels between the *Naiman* Litigation and the *Morgan* Litigation are unavoidable.  As an initial matter, the defendant – On Deck Capital, Inc. – is identical in both cases.  But moving past the defendant, the purported classes in each case cover many of the same purported class members.  In the *Morgan* Litigation, Christopher Morgan describes the class as follows:

> **The Morgan Class:**  All persons within the United States to whom On Deck initiated a telephone call promoting its services, to a cellular telephone number, using an automatic telephone dialing system or an artificial or prerecorded voice, at any time after July 10, 2013.

Troutman Sanders LLP
580 California Street, Suite 1100
San Francisco, CA  94104

- 7 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

1   *See Complaint, Morgan* Litigation, No. 3:17cv00045 (W.D. Va.), ECF No. 1.

2          Although Plaintiffs in the *Naiman* Litigation seek to divide their class into a Purported

3   ATDS Class and a Purported DNC Class, each purported subclass is subsumed in whole or in part

4   by the class definition in the *Morgan* Litigation.  The Purported ATDS Class falls completely within

5   the purported Morgan Class.  They both cover individuals who OnDeck allegedly called on a

6   cellular telephone using an alleged ATDS or prerecorded voice.  A significant portion of the

7   Purported DNC Class also falls within the purported Morgan Class, although the Purported DNC

8   Class, as defined, could also include individuals who OnDeck allegedly called on a residential

9   telephone line or without using a purported ATDS or prerecorded voice.  *See* Compl., October 31,

10  2018, ECF 1, at ¶¶ 21-24.  Each purported class also covers an overlapping time period, with the

11  Morgan class spanning July 10, 2013 through the present day and the purported classes in the

12  *Naiman* Litigation spanning October 31, 2014 through the present.  *See* ECF 1, at ¶ 21 (alleging

13  that the purported class dates back four years).

14          When using Venn diagram, the purported classes appear as follows:

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Troutman Sanders LLP
580 California Street, Suite 1100
San Francisco, CA  94104

- 8 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

The classes in each case undoubtedly cover "at least some of the same individuals."  *See Sandusky Wellness Ctr., LLC*, 2018 U.S. Dist. LEXIS 211454, at *4.  That is all that is needed to satisfy the second factor.  Indeed, courts in the Ninth Circuit consistently find this factor has been satisfied when, like in the *Morgan* Litigation and *Naiman* Litigation, the purported class in a second-filed action overlaps the purported class in the first-filed case.  The Court should reach the same conclusion here.  *See, e.g. Pedro*, 2016 U.S. Dist. LEXIS 69989, at *12 (finding the factor satisfied where on class consisted only of purchasers of "Enlightened" beverages and the other class included purchasers of the "Enlightened" or "Classic" beverages); *Wallerstein*, 967 F. Supp.2d at 1296 (holding that the first-to-file rule applied when both plaintiffs sought to "represent at least some of the same individuals."); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. May 3, 2010) ("Moreover, the proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals.").

**D.**   <u>Similarity of the Issues</u>:  **The plaintiffs in both cases claim that similar issues are in play.**

When applying the third factor, courts examine whether the issues in each case are similar.  *See Bodley*, 2018 U.S. Dist. LEXIS 88013, at *6-7.  Courts recognize that the issues do not have to be identical, as long as they are substantially similar.  *Wallerstein*, 967 F. Supp. 2d at 1296.  Indeed, "the rule can apply even if the later-filed action brings additional claims," provided the cases involve sufficiently similar issues.  *See Koehler v. Pepperidge Farm, Inc.,* No. 13cv02644, 2013 U.S. Dist. LEXIS 128440, at *13-14 (N.D. Cal. Sept. 9, 2013) (quoting *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740, 2012 U.S. Dist. LEXIS 188186, at *8 (N.D. Cal. Sept. 12, 2012)) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims.").

Here, the allegations applicable to the named plaintiffs in the *Morgan* Litigation and the *Naiman* Litigation are substantially similar.[3]  In Morgan's Complaint, he claims that OnDeck

---

[3] By comparing the named plaintiffs' allegations in both cases, OnDeck does not concede that any of the purported classes are certifiable.  To the contrary, none of the purported classes satisfy the elements of Rule 23 of the Federal Rules of Civil Procedure.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 9 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

placed an automated call to his cellular telephone in June 2017 using an ATDS.  *See Complaint, Morgan v. On Deck Capital, Inc.*, No. 3:17cv00045 (W.D. Va.), ECF No. 1, at ¶ 13.  He alleges that this call violated the TCPA because OnDeck allegedly placed it without prior express consent.  *Id.* at ¶ 2.  Further, he contends that OnDeck's call to him constituted telemarketing.  *Id.*  He will need to prove each element to prevail on his claim.

For their part, Plaintiffs make very similar allegations to Morgan.  They both claim that OnDeck called them on their cellular telephone numbers.  ECF 1, at ¶ 9.  They both claim that OnDeck placed these calls using an ATDS.  *Id.* at ¶ 10.  Like Morgan, they both contend that these calls took place in mid-2017.  *See id.* at ¶ 15 (alleging that the calls occurred between March 2017 and July 2017).  They allege that OnDeck's calls violated the TCPA because OnDeck did not have prior express consent to call them.  *Id.* at ¶ 13.  And, finally, like Morgan, they both assert that OnDeck's telephone calls to them constituted telemarketing.  *See id.* at ¶¶ 21-22 (defining the purported ATDS class with respect to solicitation/telemarketing calls).  To prevail on all of their claims, they will need to prove each of these elements

The plaintiffs in both cases also have strikingly similar views on what issues are common across the purported classes.  It is almost as if the plaintiffs in the *Naiman* Litigation used many of the purported class allegations in the *Morgan* Litigation as a guide.  The chart below includes a non-exhaustive list of many of the parallel allegations in each case:

| Issue | *Morgan* Allegations | *Naiman* Allegations |
|---|---|---|
| All plaintiffs recognize they must prove OnDeck used an ATDS. | A central issue in this case is whether OnDeck "used an ATDS…."  Compl. ¶ 23.a | A central issue in this case is whether OnDeck made a call "using any automatic telephone dialing system."  Compl. ¶ 32a. |
| All Plaintiffs recognize they must prove OnDeck placed telemarketing calls. | A central issue is whether OnDeck "used an ATDS to send telemarketing calls."  Compl. ¶ 23.a | A central issue is whether OnDeck "made any telemarketing / solicitation call…"  Compl. ¶ 32a. |
| All Plaintiffs recognize that whether OnDeck had prior express consent to place calls with be a critical issue. | Alleging that OnDeck placed calls to purported class members "without prior express written consent."  Compl. ¶ 2. | Claiming that Plaintiffs are typical because OnDeck allegedly placed calls to them "without Plaintiffs' prior express consent."  Compl. ¶ 33. |

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

| Issue | *Morgan* Allegations | *Naiman* Allegations |
|---|---|---|
| All Plaintiffs recognize that they must prove whether OnDeck violated the TCPA and, if so, whether it was willful. | Claiming that the Court must determine whether OnDeck violated the statute and, if so, whether it was willful. Compl. ¶ 23c. | Claiming that OnDeck committed a willful violation of the TCPA and seeking enhanced statutory damages. Compl. ¶ 51. |
| All Plaintiffs recognize that for some (or all) of their claims, they must prove that OnDeck called a cellular telephone service. | Recognizing that showing a call was placed to a "cellular telephone service" is an element of his claim. Compl. ¶ 31. | Incorporating a "cellular telephone" into the Purported ATDS Class definition. Compl. ¶ 21. |

In short, Plaintiffs make substantially similar claims against OnDeck individually and on behalf of purported classes. They all contend – and will have to prove – that OnDeck called their cellular telephones using an ATDS in an attempt to make a telemarketing call without prior express consent. And they make these allegations on behalf of overlapping classes covering overlapping time periods. While the plaintiffs may argue their claims are not identical, they cannot escape the fact that they make substantially similar allegations.

When courts in the Ninth Circuit have faced similar situations, they consistently find that the first-to-file doctrine applies. *Pedro*, 2016 U.S. Dist. LEXIS 69989, at *17 (finding two purported class action lawsuits involved similar issues and, therefore, the third factor was satisfied); *Cadenasso v. Metro. Life Ins. Co.*, No. 13cv05491, 2014 U.S. Dist. LEXIS 52750, at *32 (N.D. Cal. Apr. 15, 2014) (finding similarity of issues in two TCPA class actions sufficient to satisfy the third factor); *Wallerstein*, 967 F. Supp.2d at 1297 (holding that the third factor was satisfied when the thrust of both lawsuits is substantially similar); *Ruff v. Del Monte Corp.*, No. C 12-05251, No. C 12-05323, 2013 U.S. Dist. LEXIS 51263, at *9-10 (N.D. Cal. Apr. 9, 2013) (imposing the first-filed doctrine when each of three cases raised similar claims based on similar allegations). The third factor applies here as well.

**E.      The first-to-file doctrine is particularly applicable in class actions.**

Although the first-to-file doctrine applies in a variety of cases, it is particularly relevant in class actions. As one Court in this district recently reiterated, "'[l]itigating a class action requires both the parties and the court to expend substantial resources' and 'the most important purpose of

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

- 11 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO. 4:18CV06638-KAW

1  the first-to-file rule is to conserve these resources by limiting duplicative cases.'" *Henry v. Home*

2  *Depot U.S.A., Inc.*, No. 14cv04858, 2016 U.S. Dist. LEXIS 117620, at *13 (N.D. Cal. Aug. 31,

3  2016) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016)).

4  "The potential efficiency gains are particularly heightened where, as here, the class actions involve

5  overlapping claims and class periods." *Id.* Accordingly, while a plaintiff may be free to pursue an

6  individual action without significant concern for a pending uncertified class action, the analysis

7  changes when he or she tries to bring a parallel, overlapping, class action. Not only is such a course

8  inefficient, but it creates the risk of inconsistent court decisions pertaining to the same purported

9  class in multiple different district courts.

10  Given these factors, courts frequently and consistently apply the first-to-file doctrine in the

11  class action context. *See, e.g. Pars Equality Center v. Pompeo*, No. C18-1222JLR, 2018 U.S. Dist.

12  LEXIS 209563, at *18 (W.D. Wash. Dec. 12, 2018) ("To allow two parallel class actions to proceed

13  in separate districts would be duplicative and inefficient."); *Garcia v. Praxair, Inc.*, No.

14  3:18cv03887, 2018 U.S. Dist. LEXIS 159413, at *12-16 (N.D. Cal. Sept. 18, 2018) (applying the

15  first-to-file doctrine in two simultaneous class actions); *Gomez-Ortega v. Déjà vu—San Francisco,*

16  *LLC*, No. 17-cv-06971, 2018 U.S. Dist. LEXIS 76929, at *8 (N.D. Cal. May 7, 2018) (finding the

17  first-to-file doctrine applied in a second-filed class action that overlapped a pending class action).

18  Considering the purpose of the first-to-file doctrine and its applicability to class action cases, the

19  Court should apply it here.

20  **F.      When applying the doctrine here, dismissal is the appropriate remedy.**

21  If the first-to-file doctrine applies, as it does here, the Court has discretion to dismiss the

22  case, stay the case, or transfer the case. *See Vigil*, 2017 U.S. Dist. LEXIS 60688, at *1-2 ("That

23  rule embodies principles of comity and permits a court to transfer, stay, or dismiss an action when

24  a similar complaint has been filed in another district court."). Dismissal, however, "is proper where

25  the court of first filing provides adequate remedies." *Intersearch Worldwide, Ltd.*, 544 F. Supp. 2d

26

27

28

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104                                   - 12 -                   NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

1  at 963.   Because the Western District of Virginia provides adequate remedies for Plaintiffs,

2  dismissal is the appropriate remedy in the *Naiman* Litigation.

3       Here, although Plaintiffs chose to file the case in the Northern District of California, there

4  are no facts to indicate that a district court in Virginia would be unable to afford Plaintiffs any

5  remedies to which they are entitled.   Moreover, one issue courts frequently examine when deciding

6  whether to dismiss a case – the statute of limitations – appears to be a non-factor here.   Plaintiffs

7  contend that OnDeck called them between March and July 2017.   The limitations period applicable

8  to TCPA claims is four years.   *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281

9  (N.D. Cal. June 18, 2015) ("The TCPA has a four-year statute of limitations.").   This provides

10 Plaintiffs with ample time to re-file their claims if they choose to do so.

11      Courts in this Circuit do not hesitate to dismiss lawsuits in favor a previously-filed case

12 when the first-to-file doctrine applies.   In fact, the District Court for the Southern District of

13 California recently provided a compelling explanation for why dismissal, as opposed to a stay or

14 transfer, is often more appropriate in purported class action cases.   In *De La Cruz v. Target Corp.*,

15 No. 18cv0867, 2018 U.S. Dist. LEXIS 135586, at *6-7 (S.D. Cal. Aug. 8, 2018), the court

16 recognized that the plaintiffs in a second-filed lawsuit typically have many remedies available to

17 them in the first-filed lawsuit, which counsels in favor of dismissal.   For example, if the first-filed

18 lawsuit settles on a class basis, the plaintiffs in the second lawsuit can obtain adequate relief through

19 that settlement.   Or the plaintiffs may opt-out of any class settlement in the first-filed lawsuit and

20 pursue their claims individually.   And, even without a settlement, the plaintiffs in the second-filed

21 lawsuit are not precluded from re-filing their lawsuit on an individual (non-class) basis.   *Id.*

22      What Naiman and Fabricant should not be permitted to do, however, is what they have done

23 here.   They cannot file – as one of their *thirty-seven* TCPA lawsuits – a case that is substantially

24 similar to the *Morgan* Litigation and force OnDeck to litigate parallel, overlapping, *class actions*.

25 In that situation, courts frequently prevent the second-filed action from moving forward in the

26 interest of judicial economy and efficiency.   The Court should dismiss Plaintiffs' claims here.   *See*

27

28

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 13 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

*Intersearch Worldwide, Ltd.,* 544 F. Supp. 2d at 963 (finding that dismissal is the appropriate remedy in that case under the first-to-file doctrine).[4]

### IV.   Conclusion

Because the *Naiman* Litigation and the *Morgan* Litigation satisfy each element of the first-to-file doctrine, the Court should dismiss the *Naiman* Litigation.  If the Court is not inclined to dismiss the action, it should transfer the case to the Western District of Virginia.


Dated:     January 7, 2019                        TROUTMAN SANDERS LLP


                                                  By:*/s/ Mary Kate Kamka*
                                                      Mary Kate Kamka

                                                  Attorneys for
                                                  ON DECK CAPITAL, INC.

---

[4] If the Court declines to dismiss the *Naiman* Litigation under the first-to-file doctrine, it should transfer the case to the Western District of Virginia.  This transfer would help to minimize inefficiencies for the court system and reduce the chance of inconsistent rulings. *See, e.g. Ruff v. Del Monte Corp.*, No. C12-052251, 2013 WL 1435230, at *4 (N.D. Cal. Apr. 9, 2013) (transferring a purported class action from the Northern District of California to the Western District of Pennsylvania under the first-to-file doctrine when considering factors such as costs and potential conflicting rulings).  If the Court declines to dismiss and also declines to transfer the *Naiman* Litigation, it should stay the case pending resolution of the *Morgan* Litigation.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

- 14 -

NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO STAY
CASE NO.  4:18CV06638-KAW

# Exhibit A

**3:17-cv-00045-NKM-JCH** Morgan v. On Deck Capital, Inc.
Norman K. Moon, presiding
Joel C. Hoppe, referral
**Date filed:** 07/10/2017
**Date of last filing:** 12/26/2018

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* *Entered:* | 07/10/2017 07/11/2017 | Complaint |
| 2 | *Filed & Entered:* | 07/11/2017 | Electronic Summons Issued |
| 3 | *Filed & Entered:* *Terminated:* | 08/01/2017 08/02/2017 | Motion for Extension of Time to File Answer |
| 4 | *Filed & Entered:* | 08/01/2017 | Positive Corporate Disclosure Statement |
| 5 | *Filed & Entered:* | 08/02/2017 | Order on Motion for Extension of Time to Answer |
| 6 | *Filed & Entered:* | 08/11/2017 | Notice of Appearance |
| 7 | *Filed & Entered:* | 08/21/2017 | Answer to Complaint |
| 8 | *Filed & Entered:* *Terminated:* | 08/21/2017 09/20/2017 | Motion to Stay |
| 9 | *Filed & Entered:* | 08/21/2017 | Brief / Memorandum in Support |
| 10 | *Filed & Entered:* | 08/21/2017 | Pretrial Order |
| 11 | *Filed & Entered:* | 08/24/2017 | Notice of Hearing on Motion |
| 12 | *Filed & Entered:* | 08/29/2017 | Notice (Other) |
| 13 | *Filed & Entered:* | 09/05/2017 | Response in Opposition to Motion |
| 14 | *Filed & Entered:* | 09/08/2017 | Affidavit of Service |
| 15 | *Filed & Entered:* | 09/12/2017 | Reply to Response to Motion |
| 16 | *Filed & Entered:* | 09/15/2017 | Report of Rule 26(f) Planning Meeting |
| 17 | *Filed & Entered:* | 09/20/2017 | Order on Motion to Stay |
| 18 | *Filed & Entered:* | 09/26/2017 | Notice of Cancellation of Hearing |
| 19 | *Filed & Entered:* | 03/23/2018 | Notice (Other) |
| 20 | *Filed & Entered:* | 03/29/2018 | Order |
| 21 | *Filed & Entered:* | 04/13/2018 | Report of Rule 26(f) Planning Meeting |
| 22 | *Filed & Entered:* *Terminated:* | 05/18/2018 05/21/2018 | Motion to Appear Pro Hac Vice |
| 23 | *Filed & Entered:* | 05/21/2018 | Order on Motion to Appear Pro Hac Vice |
| 24 | *Filed & Entered:* | 06/20/2018 | Notice (Other) |
| 25 | *Filed & Entered:* | 06/29/2018 | Notice of Hearing |
| 26 | *Filed:* *Entered:* | 07/06/2018 07/09/2018 | Pretrial Conference - Initial |
| 27 | *Filed & Entered:* | 07/30/2018 | Pretrial Order |
| 28 | *Filed & Entered:* | 07/30/2018 | Notice of Hearing |

| 29 | *Filed & Entered:* 08/10/2018 | 🌐 Notice (Other) |
|----|----|----|
| 30 | *Filed & Entered:* 08/10/2018 | 🌐 Notice of Change of Address |
| 31 | *Filed & Entered:* 08/21/2018<br>*Terminated:* 08/22/2018 | 🌐 Motion for Protective Order |
| 32 | *Filed & Entered:* 08/22/2018 | 🌐 Order on Motion for Protective Order |
| 33 | *Filed & Entered:* 10/31/2018<br>*Terminated:* 11/05/2018 | 🌐 Motion for Extension of Time to Complete Discovery |
| 34 | *Filed & Entered:* 11/05/2018 | 🌐 Order on Motion for Extension of Time to Complete Discovery |
| 35 | *Filed & Entered:* 12/11/2018 | 🌐 Motion for Summary Judgment |
| 36 | *Filed & Entered:* 12/11/2018 | 🌐 Brief / Memorandum in Support |
| 37 | *Filed & Entered:* 12/12/2018 | 🌐 Additional Evidence |
| 38 | *Filed & Entered:* 12/26/2018 | 🌐 Response in Opposition to Motion |

## PACER Service Center

### Transaction Receipt

#### 01/07/2019 16:39:15

| **PACER Login:** | ▓▓▓▓▓▓▓▓▓▓ | **Client Code:** | ▓▓▓▓▓ |
|----|----|----|----|
| **Description:** | History/Documents | **Search Criteria:** | 3:17-cv-00045-NKM-JCH |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |