Mary Kate Kamka (SBN 282911)
marykate.kamka@troutman.com
TROUTMAN SANDERS LLP
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone:   415.477.5700
Facsimile:   415.477.5710

Attorneys for Defendant
ON DECK CAPITAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SIDNEY NAIMAN and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ON DECK CAPITAL, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 4:18-CV-006638-KAW<br><br>**DEFENDANT ON DECK CAPITAL, INC.'S ANSWER TO THE COMPLAINT**<br><br>Judge:     Hon. Kandis A. Westmore<br><br>**DEMAND FOR JURY TRIAL** |

Defendant On Deck Capital, Inc. ("Defendant" or "OnDeck"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, files its answer the Complaint that Terry Fabricant ("Fabricant") and Sidney Naiman ("Naiman") (collectively "Plaintiffs") filed against OnDeck. OnDeck denies all allegations in the Complaint that are not expressly admitted in this Answer.

OnDeck responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

## NATURE OF THE CASE

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in Paragraph 1, such facts are denied. By way of further response, OnDeck denies it violated the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION & VENUE

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

3. Paragraph 3 of the Complaint states legal conclusions regarding venue to which no response is required. To the extent the allegations are contrary to the law, they are denied. Further, Plaintiffs do not explain what they mean by "does business within the State of California," therefore, OnDeck is without sufficient information to admit or deny the allegation and denies the same. On Deck is without sufficient information to admit or deny the allegations regarding Plaintiffs' residencies and therefore denies the same and demands strict proof thereof.

## PARTIES

4. In response to the allegations in Paragraph 4 of the Complaint, OnDeck believes Naiman is a natural person. OnDeck is without sufficient information to admit or deny the allegations regarding Naiman's residency and therefore denies the same and demands strict proof thereof. The remaining allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

5.      In response to the allegations in Paragraph 5 of the Complaint, OnDeck believes Fabricant is a natural person. OnDeck is without sufficient information to admit or deny the allegations regarding Fabricant's residency and therefore denies the same and demands strict proof thereof. The remaining allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

6.      In response to the allegations in Paragraph 6 of the Complaint, OnDeck admits it is a business that provides small business lending services. The remaining allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

7.      The allegations in Paragraph 7 of the Complaint are not allegations of fact but, rather, allegations regarding Plaintiffs' counsel's intentions with respect to DOE DEFENDANTS. Therefore, no response is required. To the extent any facts are alleged in Paragraph 7, they are denied.

8.      Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in Paragraph 8, such facts are denied.

**FACTUAL ALLEGATIONS**

9.      In response to the allegations in Paragraph 9, OnDeck states that it has a record of a March 2017 call involving a number ending in -1083. OnDeck denies that it began placing calls to Naiman in or around March 2017 at a number ending in -5502. OnDeck denies any remaining allegations set forth in Paragraph 9 of the Complaint.

10.     OnDeck denies the allegations in Paragraph 10 of the Complaint.

11.     OnDeck lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12.     Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in Paragraph 12, such facts are denied.

13.   Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. By way of further response, OnDeck denies it did not possess Plaintiffs' prior express consent.

14.   OnDeck lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.   In response to the allegations in Paragraph 15, OnDeck states that it has a record of a March 2017 call involving a number ending in -1083. OnDeck also has a record of a July 2017 call involving a number ending in -5502. OnDeck denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16.   Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

17.   Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.   Paragraph 18 of the Complaint states legal conclusions regarding revocation of consent and established business relationships to which no response is required. To the extent the allegations are contrary to the law, they are denied. OnDeck lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint, and therefore, denies the same.

19.   Defendant denies the allegations of Paragraph 19 of the Complaint.

20.   Defendant denies the allegations of Paragraph 20 of the Complaint.

## **CLASS ALLEGATIONS**

21.   The allegations in Paragraph 21 of the Complaint are not allegations of fact and, therefore, no response is required. To the extent a response is required, OnDeck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

22.   The allegations in Paragraph 22 of the Complaint are not allegations of fact and, therefore, no response is required. To the extent a response is required, OnDeck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

23. The allegations in Paragraph 23 of the Complaint are not allegations of fact and, therefore, no response is required. To the extent a response is required, OnDeck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

24. The allegations in Paragraph 24 of the Complaint are not allegations of fact and, therefore, no response is required. To the extent a response is required, OnDeck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

25. The allegations in Paragraph 25 of the Complaint call for legal conclusions regarding Plaintiffs' membership in the purported ATDS Class and, therefore, no response is required. OnDeck further denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

26. The allegations in Paragraph 26 of the Complaint call for legal conclusions regarding Plaintiffs' membership in the purported ATDS Revocation Class and, therefore, no response is required. OnDeck further denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

27. The allegations in Paragraph 27 of the Complaint call for legal conclusions regarding Plaintiffs' membership in the purported DNC Class and, therefore, no response is required. OnDeck further denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

28. The allegations in Paragraph 28 of the Complaint call for legal conclusions regarding Plaintiffs' membership in the purported DNC Revocation Class and, therefore, no response is required. OnDeck further denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

29. The allegations in Paragraph 29 of the Complaint are not allegations of fact but, rather, allegations regarding Plaintiffs' counsel's intentions with respect to the purported class. Therefore, no response is required. To the extent a response is required, OnDeck denies that this lawsuit can be certification as a class action and denies it violated the TCPA.

30. The allegations in Paragraph 30 of the Complaint call for legal conclusions regarding numerosity and, therefore, no response is required. To the extent the allegations are

1  contrary to the law, they are denied. OnDeck further denies that this lawsuit can be certified as a
2  class action.

3       31.   The allegations in Paragraph 31 of the Complaint call for legal conclusions
4  regarding injury and, therefore, no response is required. To the extent the allegations are contrary
5  to the law, they are denied. To the extent the any facts are alleged, they are denied. OnDeck
6  further denies that this lawsuit can be certified as a class action.

7       32.   The allegations in Paragraph 32 of the Complaint, including subparts (a) through
8  (c), call for legal conclusions regarding commonality and, therefore, no response is required. To
9  the extent the allegations are contrary to the law, they are denied. OnDeck further denies that this
10 lawsuit can be certified as a class action.

11       33.   The allegations in Paragraph 33 of the Complaint call for legal conclusions
12 regarding typicality and, therefore, no response is required. To the extent the allegations are
13 contrary to the law, they are denied. OnDeck further denies that this lawsuit can be certified as a
14 class action.

15       34.   The allegations in Paragraph 34 of the Complaint, including subparts (a) through
16 (c) call for legal conclusions regarding commonality and, therefore, no response is required. To
17 the extent the allegations are contrary to the law, they are denied. OnDeck further denies that this
18 lawsuit can be certified as a class action.

19       35.   The allegations in Paragraph 35 of the Complaint call for legal conclusions
20 regarding typicality and, therefore, no response is required. To the extent the allegations are
21 contrary to the law, they are denied. OnDeck further denies that this lawsuit can be certified as a
22 class action.

23       36.   The allegations in Paragraph 36 of the Complaint call for legal conclusions
24 regarding injury and, therefore, no response is required. To the extent the allegations are contrary
25 to the law, they are denied. To the extent the any facts are alleged, they are denied. OnDeck
26 further denies that this lawsuit can be certified as a class action.

27       37.   The allegations in Paragraph 37 of the Complaint, including subparts (a) through
28 (d), call for legal conclusions regarding commonality and, therefore, no response is required. To

1  the extent the allegations are contrary to the law, they are denied. OnDeck further denies that this
2  lawsuit can be certified as a class action. OnDeck further denies that this lawsuit can be certified
3  as a class action.

4        38.     The allegations in Paragraph 38 of the Complaint call for legal conclusions
5  regarding typicality and, therefore, no response is required. To the extent the allegations are
6  contrary to the law, they are denied. OnDeck further denies that this lawsuit can be certified as a
7  class action.

8        39.     The allegations in Paragraph 39 of the Complaint, including subparts (a) through
9  (c), call for legal conclusions regarding commonality and, therefore, no response is required. To
10 the extent the allegations are contrary to the law, they are denied. OnDeck further denies that this
11 lawsuit can be certified as a class action.

12       40.     The allegations in Paragraph 40 of the Complaint call for legal conclusions
13 regarding typicality and, therefore, no response is required. To the extent the allegations are
14 contrary to the law, they are denied. OnDeck further denies that this lawsuit can be certified as a
15 class action.

16       41.     The allegations in Paragraph 41 of the Complaint call for legal conclusions
17 regarding adequacy of Plaintiffs as class representatives and purported class counsel, therefore,
18 no response is required. To the extent the allegations are contrary to law, they are denied.
19 OnDeck further denies that this lawsuit can be certified as a class action.

20       42.     The allegations in Paragraph 42 of the Complaint call for legal conclusions
21 regarding predominance and superiority and, therefore, no response is required. To the extent the
22 allegations are contrary to the law, they are denied. OnDeck further denies that this lawsuit can
23 be certified as a class action.

24       43.     OnDeck denies the allegations in Paragraph 43 of the Complaint. OnDeck further
25 denies that this lawsuit can be certified as a class action.

26       44.     OnDeck denies the allegations in Paragraph 44 of the Complaint. OnDeck further
27 denies that this lawsuit can be certified as a class action.

28

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(b). On Behalf of the ATDS Class and ATDS Revocation Class.

45. Plaintiffs' allegations in Paragraph 45 of the Complaint are not allegations of fact but, rather, reincorporating Plaintiffs' previous paragraphs. In response, OnDeck reincorporates its responses to Plaintiffs' previous allegations.

46. OnDeck denies the allegations set forth in Paragraph 46 of the Complaint.

47. OnDeck denies the allegations set forth in Paragraph 47 of the Complaint.

48. OnDeck denies the allegations set forth in Paragraph 48 of the Complaint.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(b). On Behalf of the ATDS Class and ATDS Revocation Class.

49. Plaintiffs' allegations in Paragraph 49 of the Complaint are not allegations of fact but, rather, reincorporating Plaintiffs' previous paragraphs. In response, OnDeck reincorporates its responses to Plaintiffs' previous allegations.

50. OnDeck denies the allegations set forth in Paragraph 50 of the Complaint.

51. OnDeck denies the allegations set forth in Paragraph 51 of the Complaint.

52. OnDeck denies the allegations set forth in Paragraph 52 of the Complaint.

## THIRD CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(b). On Behalf of the DNC Class and DNC Revocation Class.

53. Plaintiffs' allegations in Paragraph 53 of the Complaint are not allegations of fact but, rather, reincorporating Plaintiffs' previous paragraphs. In response, OnDeck reincorporates its responses to Plaintiffs' previous allegations.

54. OnDeck denies the allegations set forth in Paragraph 54 of the Complaint.

55. OnDeck denies the allegations set forth in Paragraph 55 of the Complaint.

56. OnDeck denies the allegations set forth in Paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(b). On Behalf of the DNC Class and DNC Revocation Class.**

57. Plaintiffs' allegations in Paragraph 57 of the Complaint are not allegations of fact but, rather, reincorporating Plaintiffs' previous paragraphs. In response, OnDeck reincorporates its responses to Plaintiffs' previous allegations.

58. OnDeck denies the allegations set forth in Paragraph 58 of the Complaint.

59. OnDeck denies the allegations set forth in Paragraph 59 of the Complaint.

60. OnDeck denies the allegations set forth in Paragraph 60 of the Complaint.

## PRAYER FOR RELIEF

OnDeck denies the allegations in the WHEREFORE paragraph immediately following Paragraph 60 of the Complaint, including subparagraphs FIRST CAUSE OF ACTION through FOURTH CAUSE OF ACTION. Specifically, OnDeck denies that this lawsuit should be certified as a class action, denies that Plaintiffs are entitled to any declaratory or injunctive relief, denies that OnDeck is liable for any damages whatsoever, denies that OnDeck violated the TCPA, and denies the Plaintiffs are entitled to any fees, costs, or any further relief.

61. In response to the allegations set forth in Paragraph 61 of the Complaint, OnDeck admits that Plaintiffs request a jury trial to all claims of the Complaint so triable.

## ADDITIONAL DEFENSES

Without admitting any of Plaintiffs' allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiffs' Complaint, OnDeck alleges the following separate Affirmative and Other Defenses based on information and belief. OnDeck reserves the right to amend its Answer to add additional Affirmative or Other Defenses consistent with the facts discovered in the case.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against OnDeck, and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief from OnDeck.

**SECOND ADDITIONAL DEFENSE**

The imposition of statutory damages against OnDeck under the TCPA on a purported class wide basis would violate the Due Process Provision of the United States Constitution.

**THIRD ADDITIONAL DEFENSE**

The imposition of statutory damages against OnDeck under the TCPA on a purported class wide basis would violate the excessive fine restriction of the United States Constitution.

**FOURTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of purported class members, are barred to the extent they are untimely under any applicable statute of limitations.

**FIFTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of purported class members, are barred to the extent the purported claimant is not a called party within the meaning of the TCPA.

**SIXTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of purported class members, are barred because many calls alleged to have violated the TCPA occurred with prior consent.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiffs and the purported class members are barred from recovery by the doctrine of laches to the extent there was a delay in asserting any purported TCPA claims, resulting in prejudice to OnDeck.

**EIGHTH ADDITIONAL DEFENSE**

Plaintiffs and the purported class members are barred from recovery to the extent they have failed to mitigate alleged damages.

**NINTH ADDITIONAL DEFENSE**

Plaintiffs and the purported class members cannot proceed as a class action because Plaintiffs' claims cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**TENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of purported class members, are barred to the extent any applicable contractual agreements require disputes to be resolved through arbitration.

**ELEVENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of purported class members, are barred to the extent Plaintiffs or purported class members have unclean hands.

**TWELFTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of the purported class members, are barred to the extent any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiffs or the purported class members.

**THIRTEENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of the purported class members, are barred to the extent they are precluded by any previous waivers or releases of claims, including those related to any previous settlement agreements or class action settlements.

**FOURTEENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of the purported class members, are barred by res judicata and judicial estoppel to the extent they failed to disclose such claims in previous bankruptcy proceedings.

**FIFTEENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of the purported class members, are barred to the extent they fall within the safe harbor for calls post reassignment.

**SIXTEENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of the purported class members, are barred to the extent they become barred by any subsequent orders or rules promulgated by the Federal Communications Commission.

**SEVENTEENTH ADDITIONAL DEFENSE**

Plaintiffs' claims, and the claims of the purported class members, are barred because OnDeck established and implemented, with due care, reasonable practices and procedures to

- 10 -

effectively prevent telephone solicitations in violation of 47 U.S.C. § 227(c)(5) and the regulations prescribed under that provision.

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims, and the claims of the purported class members, are barred to the extent OnDeck received contractual consent to place calls from any of the purported class members.

## RESERVATION OF DEFENSES

OnDeck reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## PRAYER FOR RELIEF

WHEREFORE, OnDeck request that this Court enter a judgment:

1. denying Plaintiffs any and all relief in this case;
2. dismissing Plaintiffs' claims in their entirety;
3. dismissing this case in its entirety with prejudice;
4. awarding OnDeck its costs and attorneys' fees incurred in this case; and
5. granting OnDeck all other relief that the Court deems just and proper.

## JURY TRIAL

OnDeck demands a trial by jury for all issues so triable.

Dated:   January 7, 2019          **TROUTMAN SANDERS LLP**

By: */s/ Mary Kate Kamka*
Mary Kate Kamka

Attorneys for Defendant
ON DECK CAPITAL, INC.

37299891